O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 5:16-CV-01996 (VEB)

GREGORIA NAVARRO VEGA,

    Plaintiff,

vs.

NANCY BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In July of 2013, Plaintiff Gregoria Navarro Vega applied for Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the application.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, by and through her attorney, William M. Kuntz, Esq. commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12, 21, 22). On May 1, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 20).

## II. BACKGROUND

Plaintiff applied for SSI benefits on July 1, 2013, alleging disability beginning December 31, 2006, primarily due to a lower back condition. (T at 150).[2] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On February 5, 2015, a hearing was held before ALJ Michael D. Radensky. (T at 24). Plaintiff appeared with her attorney and testified with the assistance of an interpreter. (T at 27-38). The ALJ also received testimony from Alan Ey, a vocational expert. (T at 39-41).

On April 17, 2015, the ALJ issued a written decision denying the application for benefits. (T at 23-43). The ALJ's decision became the Commissioner's final

---

[2] Citations to ("T") refer to the administrative record at Docket No. 17.

2

DECISION AND ORDER – VEGA v BERRYHILL 5:16-CV-01996-VEB

decision on August 3, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

On September 19, 2016, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on February 1, 2017. (Docket No. 16). The parties filed a Joint Stipulation on April 20, 2017. (Docket No. 19).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

## III. DISCUSSION

### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other

substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment

4

DECISION AND ORDER – VEGA v BERRYHILL 5:16-CV-01996-VEB

prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.** **Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the

Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.     Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 24, 2013, the application date. (T at 13). The ALJ found that Plaintiff's degenerative disc disease of the back and history of right knee impairment were "severe" impairments under the Act. (Tr. 13).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 14).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a range of light work, as defined in 20 CFR § 416.967 (b), with the following limitations: standing and walking no more than 2 hours in an 8-hour

workday; only occasional postural activities; no work on ladders, ropes, or scaffolds; only occasional operation of foot pedals or controls with the right lower extremity; no unprotected heights or dangerous machinery. (T at 14).

The ALJ noted that Plaintiff had no past relevant work. (T at 16). Considering Plaintiff's age (40 years old on the application date), education (limited), work experience (no past relevant work), and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 16).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between June 24, 2013 (the application date) and April 17, 2015 (the date of the decision) and was therefore not entitled to benefits. (T at 17-18). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

**D. Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 19, at p. 4), Plaintiff offers two (2) main arguments in support of her claim that the Commissioner's decision should be reversed. First, Plaintiff argues that the ALJ's consideration of the medical opinion evidence was flawed. Second, she challenges the ALJ's credibility determination. This Court will address both arguments in turn.

# IV. ANALYSIS

**A.     Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

In July of 2013, Plaintiff's treating physician, Dr. Gurvinder Uppal, completed a physical capacities assessment. Dr. Uppal opined that Plaintiff could stand/walk

for 0-2 hours in an 8-hour workday, sit for 0-2 hours in an 8-hour workday, and would be limited in terms of her ability to engage it repetitive movements with her feet (such as foot controls). (T at 289). Dr. Uppal stated that Plaintiff could lift/carry no weight, could never climb/balance/stoop/kneel/crouch/crawl, and was "temporarily totally disabled." (T at 289). Dr. Uppal noted that Plaintiff's pain medication "may cause drowsiness." (T at 290).

In January of 2015, Dr. Purnima Thakran, Plaintiff's treating neurologist, completed a physical capacities assessment. Dr. Thakran opined that Plaintiff could stand/walk for 0-2 hours in an 8-hour workday, sit for 0-2 hours in an 8-hour workday, and would be limited in terms of her ability to engage it repetitive motions because of moderate to severe neuropathic pain. (T at 429). Dr. Thakran assessed restrictions with regard to environmental factors due to Plaintiff's cluster headaches. (T at 429). Dr. Thakran opined that Plaintiff could occasionally lift/carry 10 pounds, but could never climb/balance/stoop/kneel/crouch/crawl, and was limited to occasional reaching overhead. (T at 430). Dr. Thakran described Plaintiff as suffering from "failed back syndrome." (T at 430).

The ALJ assigned little weight to the treating physicians' opinions. (T at 15-16). For the following reasons, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence.

First, both treating physician' opinions were "checklist" forms with no meaningful explanation, supporting detail, or reference to objective findings. The ALJ is not obliged to accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

Second, the ALJ reasonably concluded that the opinions were contradicted by the contemporaneous treatment records. (T at 16). For example, on examination, Plaintiff was noted to have full strength in her lower extremities and grossly normal knee and lower back range of motion. (T at 279-80, 285). She was observed to walk with normal gait, station, and posture and without the need for an assistive device. (T at 440, 444, 448, 452, 456, 459, 463, 467, 470). Plaintiff was noted to have normal muscle bulk and function, with intact strength, sensation, reflex and coordination in her upper and lower extremities. (T at 395, 439, 444, 448, 452, 456, 459, 463, 467, 470). She was consistently described as alert and oriented, with normal neurologic findings. (T at 395, 398, 401, 407, 410, 431, 434, 439-40, 447-48, 455-56, 462-63, 470). *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear

and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

Third, the ALJ reasonably found that Plaintiff's activities of daily living (which included reading, driving, watching television, cooking, cleaning, and attending social functions) were inconsistent with the severe limitations assessed by the treating physicians. (T at 15). *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600-02 (9th Cir. 1999) (finding inconsistency between treating physician's opinion and claimant's daily activities a specific and legitimate reason to discount treating physician's opinion).

Fourth, the ALJ relied on the assessments of two non-examining State Agency review physicians, Dr. R. Rose and Dr. A. Lizarraras. (T at 15, 49-52, 59). In October of 2013, Dr. Rose reviewed the record and opined that Plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, stand/walk for about 6 hours in an 8-hour workday, and sit for about 6 hours in an 8-hour workday. (T at 49). Dr. Rose concluded that Plaintiff was limited to occasional climbing of ramps/stairs/ladders/ropes/scaffolds, balancing, stooping, kneeling, crouching, or crawling. (T at 50). Dr. Lizarraras reviewed the record in January of 2014, and reaffirmed Dr. Rose's findings. (T at 59). State Agency review physicians are highly qualified experts and their opinions, if supported by other record evidence,

may constitute substantial evidence sufficient to support a decision to discount a treating physician's opinion. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996); *see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of the treating physicians' opinions. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision was supported by substantial evidence and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably

supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

**B.     Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows:

She can speak some English in conversation and can read in English. (T at 27). Her ability to write in English is limited by poor spelling. (T at 27-28). Other than a three-month period of very limited employment, Plaintiff has never worked or sought work. (T at 28). She is 42 years old. (T at 29). She completed one year of high school. (T at 29). At the hearing, Plaintiff experienced pain in her back and knees. (T at 30). She suffers from Lyme disease. (T at 30). Back pain is constant. (T at 30-31). Pain medication provides some relief. (T at 31). The pain is exacerbated by walking, driving, and sitting. (T at 31). She has twice had back surgery, with no relief of her pain. (T at 31). She cannot lift heavy items, bend over, or perform "heavy duties" at home. (T at 31). She has had one surgery on her right knee, with another surgery on that knee anticipated. (T at 32). She wears a knee and back brace. (T at 32-33). She uses a cane and sometimes a walker. (T at 33). Her three children help with housework and grocery shopping. (T at 33-34).

Standing is limited to 15 minutes at a time. (T at 34). She cannot kneel or bend. (T at 34-35). She has good days and bad days. (T at 35). She lays down for 1 to 2 hours each day for pain relief. (T at 35). She does not believe she could not sit or stand for an 8-hour workday. (T at 36). Elbow and wrist pain make writing and fine motor tasks difficult. (T at 36-37). Her pain causes difficulties sleeping. (T at

36). She has trouble carrying objects. (T at 37). She does some cooking, cleaning, and driving. (T at 38).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 15).

For the reasons that follow, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence.

As discussed above, substantial medical evidence, including the contemporaneous treatment notes, objective findings, and State Agency review physician assessments supported the ALJ's RFC determination and contradicted Plaintiff's claims of disabling impairments. Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ also found that Plaintiff made inconsistent statements, which detracted from her credibility. For example, although Plaintiff claimed to be under constant, disabling pain, the record indicated that she could attend medical appointments, perform household chores, attend to grocery shopping with assistance, drive, and attend functions outside of her home. (T at 15). When assessing a claimant's credibility, the ALJ may employ "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Activities of daily living are a relevant consideration in assessing a claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although the claimant does not need to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount a claimant's testimony to the extent his or her activities of daily living "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011).

Lastly, the ALJ noted that Plaintiff has never worked or sought employment, which raised a question as to whether her current unemployment was actually the result of her medical impairments. (T at 15). *See* 20 C.F.R. § 404.1529(c)(3) ("We will consider all of the evidence presented, including information about your prior work record ...."); *cf also Bruton v. Massanari,* 268 F.3d 824, 828 (9th Cir.

2001)(finding that ALJ properly discounted claimant's credibility based on evidence that he stopped working for reasons other than the alleged impairments).

For the reasons outlined above, this Court finds no reversible error with regard to the ALJ's credibility determination. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)("If the ALJ's credibility finding is supported by substantial evidence, the court may not engage in second-guessing.").

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court file this Decision and Order and serve copies upon counsel for the parties.

DATED this 20th day of December 2017,

<u>/s/Victor E. Bianchini</u>
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE